

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-4388
Re: Does the Commissioners' Court
have the legal right to com-
pensate such members of the
board of health who are ac-
tively engaged in health work
under such authority as that
set forth and in doing so ren-
der a service to the county?

Your letter of January 31, 1942, requesting the opinion
of this department on the above stated question reads as follows:

"Under Article 4435.2248-49, Vernon's Civil
Statutes the Commissioners Court of any county in
which an unincorporated town or village may be situ-
ated, shall have power to designate the lines of
such town or village, and may appoint a board of
health for it, consisting of three persons, two or
more of whom shall be regular practicing physicians.
The article further provides that when such appoint-
ments are made, the State Health Officer shall be
notified.

"QUESTION:  Does the Commissioners' Court
have the legal right to compen-
sate such members of the Board
who are actively engaged in
health work under such autho-
rity, quoted above, and in doing
so rendering a service to the
county?"

Honorable Charles R. Martin, page 2

Article 4435, Vernon's Annotated Civil Statutes provides:

"The Commissioners' Court of any County in which an unincorporated town or village may be situated, shall have power to designate the lines of such town or village, and may appoint a board of health for it, consisting of three persons, two or more of whom shall be regular practicing physicians. Said Court when such appointments are made shall at once notify the State Health Officer. Said board shall elect one of their members as presiding officer; and such presiding officer, if the premises of any citizen residing within the prescribed limits of said town or village are in an unclean or unhealthy condition, shall notify him of the fact, and that he must proceed at once to clean the same."

Article 4418f, Vernon's Annotated Civil Statutes provides in part:

". . . . The Commissioners' Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County."

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that the Commissioners' Court has legal authority to compensate the members of a board of health appointed by virtue of Article 4435, supra, for services actually performed by the members of the board in behalf of public health and sanitation. Whether or not such members shall be compensated for their services is a matter wholly within the discretion of the Commissioners' Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Assistant

APPROVED FEB 20 1942

FIRST
ATTORNEY GENERAL

AW:MBT

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN